Michelle L. Boutin
Landye Bennett Blumstein LLP
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
(907) 276-5152
(907) 276-8433 fax
michelleb@lbblawyers.com
Attorneys for BMO Harris Bank N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-00015-SLG |
| MARK FAIRCHILD LOGGING, LLC, and CARL MARK FAIRCHILD, and individual, | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT FOR MONEY JUDGMENT
### [BREACH OF CONTRACT]

Plaintiff BMO Harris Bank N.A., by and through its undersigned counsel, complains of defendants Mark Fairchild Logging LLC and Carl Mark Fairchild as follows:

### I. THE PARTIES

1. Plaintiff BMO Harris Bank N.A. (the "Bank") is a national banking association with a principal place of business located at 111 W. Monroe Street, Chicago, Illinois 60694.

2. Defendant Mark Fairchild Logging, LLC ("Borrower") is a limited liability company f/k/a Mark Fairchild Trucking, LLC, with a principal place of business at 724 Love

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG                                                          Page 1 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 1 of 10

Road, Fairbanks, Alaska 99712 and a registered agent address of 1533 Noble Street, Fairbanks, Alaska 99701.

3. Defendant Carl Mark Fairchild ("Guarantor," collectively with the Borrower, the "Defendants") is an individual residing, upon information and belief, at 1533 Noble Street, Fairbanks, Alaska 99701.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the Bank and Defendants are of diverse citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as the Defendants reside in this District. Specifically, Borrower is present and doing business in this District and therefore subject to the Court's personal jurisdiction (*see* 28 U.S.C. § 1391(c)(2)) and Guarantor is a natural person domiciled in this District (*see* 28 U.S.C. § 1391(c)(1)).

## III. FACTUAL BACKGROUND

### A. The Loan Agreement

6. On May 13, 2019, Borrower and Bank entered into that certain Loan and Security Agreement (the "Loan Agreement"), pursuant to which Bank agreed to finance Borrower's purchase of:

(i) four (4) 2019 Lincoln Log Trailers identified by serial numbers 1L9L02620K1104645, 1L9L02627K1104643, 1L9L02628K1104649, and 1L9L02629K1104644;

(ii) two (2) 2019 Peterbilt 348 identified by serial numbers 2NP3LJ0X2KM611640 and 2NP3LJ9X0KM611638;

(iii) one (1) 2017 Peterbilt 348-Series: 348 Conv Cab 6X4 (CA80-204) identified by serial number 2NP3LJ9X8HM417240; and

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG Page 2 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 2 of 10

(iv) one (1) 2019 Peterbilt 348-Series: 348 Conv Cab 6X4 (CA80-204) identified by serial number 2NP3LJ9X9KM611637 (collectively, the "Collateral").

7. Bank agreed to finance Borrower's purchase of the Collateral in exchange for a total payment of $767,988.00, payable in 72 monthly installments of $10,666.50 each, commencing on July 1, 2019. A copy of the Loan Agreement is attached hereto as **Exhibit A**.

8. As consideration for entering into the Loan Agreement, Borrower granted Bank a security interest in and to the Collateral as more fully described in the Loan Agreement. *See* Loan Agreement § 2.1. As evidenced by the Notice of Recorded Lien attached hereto as **Exhibit B**, Bank perfected its security interest in and to the Collateral by recording its lien with the State of Alaska Division of Motor Vehicles.

9. As further consideration for entering into the Loan Agreement, on or about May 13, 2019, Guarantor executed a certain Continuing Guaranty in favor of Bank absolutely and unconditionally guarantying Borrower's present and future obligations to Bank, including those obligations under the Loan Agreement (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit C** and incorporated herein.

10. On or about May 13, 2020, Borrowers and Lender entered into a Modification Agreement (the "Fist Modification Agreement") which modified the terms of the Loan Agreement, as more fully described therein. A copy of the First Modification Agreement is attached hereto as **Exhibit D**.

11. On or about August 27, 2020, Borrowers and Lender entered into a Modification Agreement (the "Second Modification Agreement") which modified the terms of the Loan Agreement, as more fully described therein. A copy of the Second Modification Agreement is attached hereto as **Exhibit E**.

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG

### B. Default Provisions

12. Pursuant to the Loan Agreement, an Event of Default shall occur if, *inter alia*, Borrower fails to pay when due any amount owed to Bank under the Loan Agreement. *See* Loan Agreement § 5.1.

13. Additionally, an Event of Default shall occur if "Debtor or Guarantor fails to pay any Liabilities when due to Bank or any Affiliate of Bank or is otherwise in default under any other document, agreement or instrument…." *Id.*

14. Pursuant to the Loan Agreement, upon the occurrence of an Event of Default, Bank may, at its option, with or without notice to Borrower, *inter alia*, (i) declare the Loan Agreements to be in default, (ii) declare the indebtedness under the Loan Agreements to be immediately due and payable, and (iii) exercise all of the rights and remedies of a secured party under the Uniform Commercial Code. *See* Loan Agreement § 5.2. All of Bank's rights under the Loan Agreements are cumulative and not alternative. *See* Loan Agreement §7.3(b).

15. Pursuant to the Loan Agreement, Borrower is obligated to pay Bank all expenses of retaking, holding, preparing for sale, selling and the like of the Collateral, including without limitation (a) the reasonable fees of any attorneys retained by Bank and (b) all other legal expenses incurred by Bank. *See* Loan Agreement § 5.2.

16. Borrower is liable to Bank for any deficiency remaining after disposition of the Collateral after default. *See id.*

17. Upon acceleration of Borrower's obligations under the Loan Agreement, interest on all sums then owing shall accrue at the rate of 1½% per month. *See* Loan Agreement § 5.3.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG                                                                Page 4 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 4 of 10

18. Pursuant to the terms of the Loan Agreement, Borrower waived its right to a jury trial of any claim or cause of action relating thereto. *See* Loan Agreement § 7.5.

19. Pursuant to the terms of the Guaranty, Guarantor waived his right to a jury trial of any claim or cause of action relating thereto. *See* Guaranty.

### C. The Payment Defaults

20. Borrower is in default under the terms and conditions of the Loan Agreement, having failed, *inter alia*, to make payments when due thereunder.

21. Guarantor is in default under the terms and conditions of the Guaranty, having failed to make payments when due thereunder.

22. Bank has performed any and all obligations to be performed by it under the terms of the Loan Agreement and the Guaranty.

23. Bank has performed any and all obligations to be performed by it under the terms of the Loan Agreement and the Guaranty.

24. On May 6, 2021, Bank notified Defendants of the default status of the Loan Agreement (the "Default Notices") and demanded payment in full on the Loan Agreement. True and correct copies of the Default Notices are attached hereto as **Exhibit F** and incorporated herein.

25. At the time of filing of this Complaint, Defendants have not cured the default under the Loan Agreement and the Guaranty, as set forth in the Default Notices.

26. Due to these defaults and pursuant to the express terms of the Loan Agreement and Guaranty, Bank is entitled to contractual money damages as set forth therein.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG                                                   Page 5 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 5 of 10

27. As of May 14, 2021, the balance due under the Loan Agreement was not less than $559,616.91. Interest at the Default Rate continues to accrue in the amount of $268.65 per day.

### D. Bank's Damages

28. As of April 19, 2021, the Bank has secured the Collateral. The Collateral has not been sold. The proceeds of these sales will be applied to the obligations under the Loan Agreement.

29. As a result of the breaches by Defendants under the Loan Agreement and Guaranty, Bank has been damaged in an aggregate amount equal to not less than $559,616.91 as of May 14, 2021.

30. The Loan Agreement permits Bank to collect, as additional damages, its attorneys' fees and costs of collection incurred in relation to the Loan Agreement and the Collateral. *See* Loan Agreement, § 5.2.

## COUNT I – BREACH OF CONTRACT
### (Borrower)

31. Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

32. Bank has performed all terms and conditions of the Loan Agreement to be performed by Bank.

33. In contrast, Borrower has not performed under the Loan Agreement and has failed to make payments to Bank under the Loan Agreement when due.

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG  Page 6 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 6 of 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

34. Under the Loan Agreement, Bank is entitled to contractual money damages from Borrower as provided therein.

35. The amount due under the Loan Agreement as of May 14, 2021, was not less than $559,616.91, which amount is immediately due and owing from Borrower, together with interest on and after May 14, 2021, at the default rate specified in the Loan Agreement.

36. The Loan Agreement provides that Bank shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

37. WHEREFORE, Bank prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Loan Agreement, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, penalties, and interest, together with such other and further relief as shall be just and equitable.

## COUNT II – BREACH OF GUARANTY
(Guarantor)

38. Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

39. Bank has performed all terms and conditions of the Guaranty to be performed by Bank.

40. Under the Guaranty, Guarantor is liable for all amounts due to Bank under the Loan Agreement.

41. Guarantor is in default under the terms and conditions of the Guaranty, having failed to make payments thereunder.

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG	Page 7 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 7 of 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

42. As a direct and proximate result of Guarantor's breach of the Guaranty, Bank has incurred and continues to incur substantial damages.

43. The Loan Agreement and Guaranty provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all amounts due and owing.

44. Bank has been required to retain the services of counsel to prosecute this claim and is therefore entitled to an award of attorneys' fees and costs.

45. WHEREFORE, Bank prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Judgment in its favor and against Borrower in the amount due under the Loan Agreement, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, penalties, and interest, together with such other and further relief as shall be just and equitable.

2. Judgment in its favor and against Guarantor in the amount due under the Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

3. Judgment for full and actual attorneys' fees and costs as provided for in the contract.

4. Judgment for pre-judgment and post-judgment interest at the contract rate of interest.

5. For all such other and further relief as the Court deems just and proper.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG — Page 8 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 8 of 10

Dated this 30th day of June, 2021, in Anchorage, Alaska.

        LANDYE BENNETT BLUMSTEIN LLP
        Attorneys for Plaintiff, BMO Harris Bank N.A.

        /s/ Michelle L. Boutin
        Michelle L. Boutin, AK Bar No. 8611097
        E-mail: michelleb@lbblawyers.com
        LANDYE BENNETT BLUMSTEIN LLP
        701 West Eighth Avenue, Suite 1100
        Anchorage, Alaska 99501
        Telephone: (907) 276-5152
        Facsimile: (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

VERIFIED COMPLAINT FOR MONEY JUDGMENT [BREACH OF CONTRACT]
*BMO Harris Bank N.A. v. Mark Fairchild Logging LLC, and Carl Mark Fairchild, and individual,*
Case No. 4:21-cv-00015-SLG — Page 9 of 10

Case 4:21-cv-00015-SLG   Document 1-7   Filed 07/01/21   Page 9 of 10

## VERIFICATION

STATE OF IOWA )
)
COUNTY OF LINN )

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true. I further declare that: My name is Debb White, I am a litigation specialist of plaintiff, BMO Harris Bank N.A. (the "Bank"), I have authority to make this Verification on the Bank's behalf, and this Verification is made based on my personal knowledge and as facts appear in the business records of the Bank.

_Debb White_

Debb White
Litigation Specialist
BMO Harris Bank N.A.

Sworn and subscribed before me this _10_ day of June, 2021, by Debb White, as Litigation Specialist of BMO Harris Bank N.A. and on its behalf, who (✓) is personally known to me or (__) has produced _____ as identification.

_Micki S Koepke_

Notary Public, State of Iowa
Printed Name: _Micki S Koepke_
Commission No.: _826748_
My commission expires: _10-1-2023_

**MICKI S KOEPKE**
Notarial Seal - Iowa
Commission No. 826748
My Commission Expires Oct. 01, 2023

-9-