# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BMO HARRIS BANK N.A.,

                Plaintiff,

       v.

MARK FAIRCHILD LOGGING, LLC,
and CARL MARK FAIRCHILD,

             Defendants.

Case No. 4:21-cv-00015-SLG

## ORDER RE DEFENDANT'S VERIFIED MOTION TO SET ASIDE DEFAULT AND MEMORANDUM IN SUPPORT THEREOF

Before the Court at Docket 11 is pro se Defendant Mark Fairchild's motion to set aside default. Plaintiff BMO Harris Bank N.A. filed a response in opposition at Docket 12 and a memorandum in support thereof at Docket 13. Mr. Fairchild replied at Docket 15.

## DISCUSSION

Pursuant to Civil Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and this failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this case, the Clerk of Court entered a default against both defendants on September 8, 2021.[1] However, Rule 55(c) provides that the court may set aside an entry of

---

[1] Docket 10. Plaintiff incorrectly refers to Docket 10 as a Default Judgment, but it is only an entry of default. *See generally* Local Civil Rule 55.1.

default for "good cause."  Three factors are considered when determining whether good cause exists justifying issuance of an order vacating the Clerk's entry of default; "a finding that any one of these factors is true is sufficient reason": (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default; (2) whether the party seeking to set aside the entry of default had no meritorious defense; or (3) whether reopening the entry of default would prejudice the other party.[2]  "Crucially, . . . a case should, whenever possible, be decided on the merits.'"[3]  A district court is accorded "especially broad [discretion] where, as here, it is entry of default that is being set aside, rather than a default judgment."[4]

First, Mr. Fairchild's conduct is not culpable under the standard set by the Ninth Circuit Court of Appeals.  There is scant evidence that Mr. Fairchild intended to "take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," or that he "*intentionally* failed to answer."[5] BMO Harris Bank moved for default on September 7, 2021, which was entered by the Clerk of the Court the next day.[6]  Mr. Fairchild notarized his motion to set aside

---

[2] *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

[3] *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

[4] *Mendoza v. Wight Vineyard Mgmt.*, 783 F. 2d 941, 945 (9th Cir. 1986).

[5] *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2000) (emphasis in original) (citation omitted) (construing "intentional" as "willful, deliberate, or evidence of bad faith").

[6] *See* Dockets 8, 10.

Case No. 4:21-cv-00015-SLG, *BMO Harris Bank v. Fairchild Logging, LLC, et al.*
Order re Motion to Set Aside Default
Page 2 of 4

Case 4:21-cv-00015-SLG   Document 16   Filed 10/25/21   Page 2 of 4

the default just over a week later, on September 16, 2012, which Mr. Fairchild claims was the day after he learned of the entry of default.[7] Mr. Fairchild had also retained an attorney to negotiate with BMO Harris Bank.[8] While Mr. Fairchild had actual or constructive notice of the lawsuit, his prompt response to the entry of default and engagement in settlement discussions negate any purported ill intention. Second, Mr. Fairchild asserts at least one meritorious defense to certain claims, as well as apparent counter claims, albeit in his reply to the motion.[9] Third, the Court finds there is no prejudice to BMO Harris Bank caused by this minimal delay—nor does BMO Harris Bank claim any prejudice here.[10] Accordingly, the Court will set aside the entry of default as to Mr. Fairchild.

However, the Court will not set aside the default entered as to Mark Fairchild Logging LLC. This is because an entity such as an LLC must be represented by an attorney in federal court.[11]

---

[7] *See* Docket 11 at 1–2. The Clerk of the Court received the motion on September 20, 2021.

[8] *See* Docket 13 at 2, 4–5.

[9] Docket 15 at 2 ("Plaintiff should have been aware that (1) I had an agreement to sell tractor trailers subject to the Parties' contract at a market price, but those trailers were then seized by Plaintiff and sold at a lower price despite my protests; (2) Plaintiff took additional property from me and, rather than marketing and selling such property, such property sat in the State of Washington for months, idle, costing me thousands of dollars; (3) Plaintiff did not use commercially reasonable means in disposing of such property; and (4) Plaintiff breached its contract with me in other ways."). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).

[10] *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) ("The standard [for prejudice] is whether his ability to pursue his claim will be hindered.").

[11] *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) (holding that "a corporation may appear in the federal courts only through licensed counsel")*; D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973 (9th Cir. 2004) ("It is a longstanding rule that '[c]orporations

Case No. 4:21-cv-00015-SLG, *BMO Harris Bank v. Fairchild Logging, LLC, et al.*
Order re Motion to Set Aside Default
Page 3 of 4

Case 4:21-cv-00015-SLG   Document 16   Filed 10/25/21   Page 3 of 4

## CONCLUSION

In light of the foregoing, Defendant's motion to set aside entry of default at Docket 11 is GRANTED as to Defendant Carl Mark Fairchild and DENIED without prejudice as to Defendant Mark Fairchild Logging LLC. The Clerk of the Court is directed to set aside the entry of default as to Mr. Fairchild at Docket 10. Mr. Fairchild shall file his answer or other response to the complaint within 21 days of the date of this order. The Clerk of Court is instructed to update Mr. Fairchild's address in this action to the Nenana address he provided at page 1 of Docket 11. Going forward, at all times, Mr. Fairchild shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[12] The notice shall contain only information about the change of address, and its effective date. The notice shall not include requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

DATED this 25th day of October, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

and other unincorporated associations must appear in court through an attorney'" (quoting *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994))).

[12] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

Case No. 4:21-cv-00015-SLG, *BMO Harris Bank v. Fairchild Logging, LLC, et al.*
Order re Motion to Set Aside Default
Page 4 of 4

Case 4:21-cv-00015-SLG   Document 16   Filed 10/25/21   Page 4 of 4