IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BMO HARRIS BANK N.A.,<br><br>                Plaintiff,<br><br>    v.<br><br>MARK FAIRCHILD LOGGING, LLC,<br>*et al.*,<br><br>                Defendants. | Case No. 4:21-cv-00015-SLG |

## **ORDER RE MOTION TO SET ASIDE DEFAULT**

Before the Court at Docket 26 is Defendant Mark Fairchild Logging, LLC's *Motion to Set Aside Default and Memorandum in Support Thereof*. Plaintiff BMO Harris Bank filed an opposition to the motion at Docket 29 to which Fairchild Logging replied at Docket 31.[1] Oral argument was not requested and was not necessary to the Court's determination.

Plaintiff initiated this action in July 2021 against Carl Mark Fairchild and his company, Fairchild Logging, LLC.[2] It moved for entry of default on September 7, 2021, against both named defendants; the Clerk of Court entered default the following day, on September 8, 2021.[3] Soon after, on September 20, 2021,

---

[1] Plaintiff also filed a surreply at Docket 32, which is not permitted except by Court order. *See* Local Civil Rule 7.1.

[2] Docket 1.

[3] Dockets 8, 10. Notably, there has been no entry of a default judgment in this case, only the entry of default. *See* Rule Fed. R. Civ. P. 55; Local Civil Rule 55.1.

Defendant Carl Mark Fairchild moved to set aside the default as to both defendants, which Plaintiff opposed.[4] On October 25, 2021, the Court granted the motion as to Mr. Fairchild, but denied it as to the LLC because federal law requires that an LLC be represented by an attorney in court.[5] On November 10, 2021, Mr. Fairchild filed his answer, which included a counterclaim that he had released the secured collateral to Plaintiff; that its fair market value exceeded the debt on the LLC's loan from Plaintiff; and that Plaintiff unreasonably delayed in the sale of the collateral.[6] Such allegations, if proven, could constitute a meritorious defense.

On December 14, 2021, counsel entered an appearance for Defendant Fairchild Logging, and on December 16, 2021, the LLC through its counsel filed the instant motion to set aside the default.[7]

Defendant Fairchild Logging has shown the requisite good cause to set aside the default at this time. The LLC has not engaged in culpable conduct that led to the default; the prejudice to Plaintiff is minimal, particularly as this case was going to proceed as to the other defendant in any event; and there may be a meritorious defense.[8] The Ninth Circuit instructs that "[c]rucially, . . . 'a case

---

[4] Dockets 11, 12.

[5] Docket 16; *see also* Docket 21 (Order re Motion for Clarification).

[6] Docket 20 at 7, ¶¶ 9, 11–13.

[7] Docket 26.

[8] *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F. 3d 1085, 1091 (9th Cir. 2010).

Case No. 4:21-cv-00015-SLG, *BMO Harris Bank N.A. v. Mark Fairchild Logging, LLC, et al.*
Order re Motion to Set Aside Default
Page 2 of 3

should, whenever possible, be decided on the merits.'"[9]  It is certainly possible to do so here, as good cause to set aside the default has been shown.

Therefore, IT IS ORDERED that the motion at Docket 26 is GRANTED. Defendant Fairchild Logging shall file its answer or other response to the complaint **within 21 days of the date of this order**.

DATED this 26th day of January, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Case No. 4:21-cv-00015-SLG, *BMO Harris Bank N.A. v. Mark Fairchild Logging, LLC, et al.*
Order re Motion to Set Aside Default
Page 3 of 3
Case 4:21-cv-00015-SLG   Document 34   Filed 01/26/22   Page 3 of 3